**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Internal Medicine Associates, PC, | ) | Case No: 11-3870-dd |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ORDER (A) AUTHORIZING DEBTOR'S
USE OF CASH COLLATERAL (B) GRANTING REPLACEMENT
LIENS AND MEMORANDUM IN SUPPORT**

Internal Medicine Associates, PC, as debtor in this case (hereinafter, the "Debtor") moves the court pursuant to 11 U.S.C. §§ 105(a), 361, 363(c)(2) and (e) and Bankruptcy Rules 4001(b) and 9014 for an order authorizing the Debtor to use cash collateral on which South Carolina Bank and Trust ("SCBT") asserts a security interest and lien, and providing adequate protection to SCBT. In support of the motion, the Debtor would show as follows:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 20, 2011 (the "Petition Date"). The Debtor is operating its business and managing its assets as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor is a medical practice, and the Debtor's sole member is Dr. Lloyd Miller ("Dr. Miller"). The Debtor employees 11 full-time and 1 part-time employee.

3. The Debtor's financial troubles stem from a sale that was not consummated. Dr. Miller had been in protracted negotiations concerning the sale of the Debtor to Carolinas Internal Medicine, LLC. With closing to occur in short order, the Debtor did not make payment to its creditors including Allscripts which files electronically all Debtor's Medicare and Medicaid claims. Allscripts immediately stopped its services, and because Medicare and Medicaid claims must be filed electronically, the Debtor had no means to file claims and obtain reimbursements. This dilemma was exacerbated when the sale fell through, with no funds to bring Allscripts

current. Debtor has since obtained a new claims filing service and payments from the government have begun flowing regularly again.

4. SCBT asserts a security interest in the Debtor's accounts receivable which Debtor values at $530,000 as of the Petition Date. SCBT also asserts a lien on all of Debtor's furnishings and equipment, which have a book value of approximately $200,000. The total owed to SCBT is approximately $352,000.

5. Debtor proposes to use cash collateral through July 2011 according to the budget attached hereto (the "Budget"). Prior to a final hearing on the Debtor's motion to use cash collateral, the Debtor will provide SCBT an extended budget for review. Debtor also requests permission to exceed any line item in the Budget as long as Debtor does not exceed the overall amount requested in the Budget.

6. SCBT's claim is adequately protected by the value of the receivables, which are constantly being replenished. As such, Debtor does not propose to make adequate protection payments. Instead, Debtor will provide SCBT with adequate protection for the use of cash collateral by granting SCBT replacement liens on post-petition cash collateral to the same extent and priority as its pre-petition liens, up to the extent of any diminution in the cash collateral post-petition.

**RELIEF REQUESTED**

11 U.S.C. §363(c)(2) provides that a debtor may use cash collateral if each entity that has an interest in such cash collateral consents or if the court authorizes such use after notice and hearing. Among the non-exclusive examples of adequate protection found in 11 U.S.C. §361 is a replacement lien to the extent that use of collateral results in a decrease in its value.

Debtor's use of cash collateral in this case is necessary for the continued operation of the medical practice. As the Debtor continues to operate, cash collateral is continually being

2

replenished. Therefore, Debtor believes that granting a replacement lien to SCBT is sufficient adequate protection.

WHEREFORE, having shown that continuing use of cash collateral for ongoing operations is absolutely necessary, the Debtor seeks interim and final orders authorizing use of such cash collateral and requests such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the 20th day of June, 2011, at Columbia, South Carolina.

                                                  LAW OFFICE OF NANCY E. JOHNSON, LLC

                                                  /s/ Nancy E. Johnson
                                                  BY: NANCY E. JOHNSON
                                                  2201 Greene Street
                                                  Columbia, SC 29205
                                                  (803) 343-3424
                                                  (803) 656-0510 (fax)
                                                  nej@njohnson-bankruptcy.com
                                                  Attorney for the Debtor

# INTERNAL MEDICINE ASSOCIATES PC
## Profit & Loss Budget Overview
### June through July 2012

|  | Jun 2011 | Jul 2011 | TOTAL Jun - Jul 2011 |
|---|---:|---:|---:|
| **Ordinary Income/Expense** | | | |
| **Income** | | | |
|   Fee for Service Income | 54,000.00 | 119,000.00 | 173,000.00 |
|   Nonmedical Income | 900.00 | 900.00 | 1,800.00 |
| **Total Income** | 54,900.00 | 119,900.00 | 174,800.00 |
| **Expense** | | | |
|   Business Licenses and Permits | | 5,000.00 | 5,000.00 |
|   Computer and Internet Expenses | | 400.00 | 400.00 |
|   **Insurance Expense** | | | |
|     Group Health Ins | 5,000.00 | 6,500.00 | 11,500.00 |
|     Liability and Workers Comp | | 200.00 | 200.00 |
|     Malpractice | | 1,000.00 | 1,000.00 |
|   **Total Insurance Expense** | 5,000.00 | 7,700.00 | 12,700.00 |
|   Medical Record Storage | | 90.00 | 90.00 |
|   Medical Supplies | | 2,000.00 | 2,000.00 |
|   Nuclear Medicine Supplies | 4,000.00 | 8,000.00 | 12,000.00 |
|   Office Supplies | | 600.00 | 600.00 |
|   **Payroll Expense** | | | |
|     Dr Miller | 16,000.00 | 32,000.00 | 48,000.00 |
|     Employees | 16,000.00 | 32,000.00 | 48,000.00 |
|   **Total Payroll Expense** | 32,000.00 | 64,000.00 | 96,000.00 |
|   Postage | 100.00 | 220.00 | 320.00 |
|   Professional Fees | 200.00 | 400.00 | 600.00 |
|   Rent Expense | 8,200.00 | 8,200.00 | 16,400.00 |
|   Repairs and Maintenance | 125.00 | 125.00 | 250.00 |
|   Pre-petition wages and Triad | 10,274.05 | 15,000.00 | 10,274.05 |
|   **Telephone Expense** | | | |
|     Answering Service | | 300.00 | 300.00 |
|     Telephone Expense - Other | | 1,000.00 | 1,000.00 |
|   **Total Telephone Expense** | | 1,300.00 | 1,300.00 |
|   **Utilities** | | | |
|     Biohazard Waste | | 100.00 | 100.00 |
|   **Total Utilities** | | 100.00 | 100.00 |
| **Total Expense** | 59,899.05 | 113,135.00 | 173,034.05 |
| **Net Ordinary Income** | -4,999.05 | 6,765.00 | 1,765.95 |
| **Net Income** | **-4,999.05** | **6,765.00** | **1,765.95** |